IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARY PROCTOR                                                                                          PLAINTIFF

V.                                           NO. 15-2025

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                    DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Mary Proctor, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB), and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.      Procedural Background:**

Plaintiff protectively filed her applications for DIB and SSI on September 12, 2012, alleging disability since August 30, 2012, due to post surgical back problems, spinal stenosis, and pain. (Tr. 171-183, 227, 228, 231). An administrative hearing was held on July 11, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 33-65).

By written decision dated September 6, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe – musculoskeletal disorder (back disorder, degenerative disc disease post decompression and

fusion at L5-S1) and cardiovascular disorder (hypertension). (Tr. 22). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 24). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform the full range of light work as defined in 20 C.F.R. §404.1567(b) and 416.l967(b). (Tr. 24). With the help of a vocational expert (VE), the ALJ determined Plaintiff was capable of performing her past relevant work as a production assembler, which did not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 27).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered additional information and denied that request on December 22, 2014. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). Both parties have filed briefs and this case is before the undersigned for report and recommendation. (Docs. 7, 8).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply

because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the

3

Plaintiff's age, education, and work experience in light of her RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

**III.    Discussion:**

The Court believes there are errors contained in the ALJ's decision that warrant remand of this matter.  First, in his decision, the ALJ stated that he gave the opinions of the Plaintiff's examining and treating physicians substantial weight. (Tr. 27).  In fact, the ALJ gave the opinion of Dr. Roxanne Marshall, Plaintiff's treating physician, little weight. (Tr. 26).  While this may be attributable to a mere writing error, there is another issue that causes the Court concern as well.

The ALJ gave little weight to Dr. Marshall's opinion, who imposed severe limitations, and gave substantial weight to Dr. Brad A. Thomas' opinion. (Tr. 26-27).  The record also contains two Physical RFC Assessments, one completed by Dr. Robert Redd, dated November 5, 2012 (Tr. 70), and one completed by Dr. Jim Takach, dated January 14, 2013. (Tr. 94).  Neither of these assessments is discussed by the ALJ or either party in their briefs.  Dr. Redd concluded that Plaintiff could perform light work with certain postural limitations. (Tr. 70-71).  Dr. Takach concluded that Plaintiff would be able to perform sedentary work. (Tr. 94).

As there are several inconsistent opinions set forth by the treating and non-treating physicians, which were not all discussed by the ALJ, the Court finds it appropriate to recommend that this matter be remanded in order for the ALJ to more thoroughly address the inconsistent opinions among the treating and non-treating physicians, and to re-evaluate the Plaintiff's RFC.  The Court also notes that Plaintiff failed to address the ALJ's failure to

discuss the two RFC Assessments completed by Dr. Redd and Dr. Takach in her brief, which will be considered when the Court determines the appropriate attorney's fee.

**IV.    Conclusion:**

Accordingly, the Court recommends that this matter be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 4th day of November, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE