IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARY PROCTOR                                                                                       PLAINTIFF

V.                                                        NO. 15-2025

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                   DEFENDANT

## **O R D E R**

　　Plaintiff, Mary Proctor, appealed the Commissioner's denial of benefits to the Court. On December 1, 2015, a Judgment was entered remanding this matter to the Commissioner pursuant to sentence four of 42 U.S.C. §405(g). (Doc.11). Plaintiff now moves for a total award of $4,901.94 in attorney's fees and costs under 28 U.S.C. §2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 23.95 attorney hours of work performed before the Court in 2015 and 2016, at an hourly rate of $187.00, and for $423.29 in costs.　Defendant filed a response to Plaintiff's request, with no objections to the hours and hourly amount sought, stating that an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's attorney. (Doc.14).

　　Pursuant to 28 U.S.C. §2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified.　The burden is on the Commissioner to show substantial justification for the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986).　Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

1

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $187.00 for 23.95 attorney hours spent in 2015 and 2016, which she asserts were devoted to the

representation of Plaintiff in this Court. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Hensley, 461 U.S. at 437. Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under §2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Pursuant to General Order 39,[1] which references the Consumer Price Index (CPI) – South, the Court finds that an enhanced hourly rate based on a cost of living increase is appropriate, and counsel will be compensated at $180.00 per hour.

Plaintiff's attorney also seeks $423.29 for court filing fee and postage for forwarding forms to opposing counsel. The court clerk's filing fee ($400.00) is a taxable cost under §1920. Plaintiff refers to the $23.29 as "Postage for forwarding forms to Opposing Counsel," and does not specify which documents were forwarded. Costs of the certified mailing fee for serving the complaint and summons are also taxable as costs, and regular postage is considered an expense pursuant to §2412(b) and (d). See Allensworth v. Commissioner, No. 3:06cv00036 JMM, 2010 WL 558153 at *3 (E.D. Ark. Feb. 12, 2010). Since Plaintiff has not designated the nature of the postage, the Court will allow $23.29 to be considered as an expense. Accordingly, the Court finds that $400.00 is recoverable as costs and $23.29 is recoverable as expenses.

---

[1] Per Amended General Order 39, the allowable rate for each year is as follows, and for simplicity sake, the figure is rounded to the nearest dollar:

2014 - 227.082 x 125 divided by 152.4 (March 1996 CPI -South) = $186.25 hour-$186.00

2015 - 228.451 x 125 divided by 152.4 (March 1996 CPI-South) = $187.38/hour - $187.00

Based upon the foregoing, the Court finds that Plaintiff's counsel should be awarded an attorney's fee under the EAJA for: 23.95 attorney hours for work performed in 2015 and 2016 at an hourly rate of $187.00 for 2015 and 2016; plus $400.00 in costs, and $23.29 as expenses, for a **total attorney's fee award of $4,901.94.** This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future. Based upon the holding in <u>Astrue v. Ratliff</u>, 130 S.Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

DATED this 13th day of May, 2016.

*/s/ P.K. Holmes, III*

P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE